**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSUE ORTIZ-COLON | * |
| Plaintiff | * |
| v. | *  Civil No. 07-1228(SEC) |
| VICTOR M. RIVERA-GONZALEZ, et al. | * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court are two motions to dismiss by the Correctional Health Services (hereinafter CHS) and the individual defendants, namely, Víctor M. Rivera González, Miguel Pereira-Castillo, Dr. Ortíz-Mena, Warden Alvarado and Warden Carlos González. See, Dockets ## 27 & 28)(hereinafter the individual Defendants). Thereafter, Plaintiff has filed various motions in opposition and informing the Court of the actions and omissions of the Defendants. After reviewing the filings and the applicable law, the Motion to Dismiss filed by CHS (Docket # 27) is hereby **GRANTED**, and the individual Defendants' like motion (Docket # 28) is found as **MOOT**.

**Factual and Procedural Background**

Plaintiff in this case is Josué Ortíz-Colón, a prisoner in the Maximum Security Institution in Peñuelas, Puerto Rico. He alleges that he suffers from an orthopedic condition, and, therefore, has been prescribed by the State Insurance Fund (hereinafter SIF) an orthopedic mattress and various other medical devices to ameliorate his condition, but that the Defendants have refused to comply with his Doctor's medical prescriptions. He also claims that his Doctor in the SIF, Dr. Cuevas, ordered that he attend some physical therapies and that, due to the Defendants' negligence, he missed many of the therapies which eventually worsened his condition. See, Docket # 1, pp. 7-9. He specifically alleges that, "[a]ll this time I have been requesting help from the Department of Corrections (hereinafter the DOC) so that it would provide me with what the doctors had prescribed to me, but they

refused to listen...." Docket # 1, p. 10. Plaintiff then recites all the therapies that he missed due to the Department of Corrections' negligence. According to him, he missed at least five therapies because there "was no bus or personnel available" to take him. Docket # 1, p. 13.

Finally, Plaintiff avers the following: "... I have tried by all means to obtain help, but... it has not been possible. At the present time, my [medical] condition is [critical]; [I have suffered] irreparable injury, mental anguish, cruel and unusual treatment, damages and much more." Docket # 1, p. 14. It then asks for the Court to do justice. Id.

Plaintiff named as Defendants the Correctional Health Services and the abovementioned individual Defendants, some of whom are employed by the Department of Corrections (hereinafter the DOC). CHS moved to dismiss the complaint on two grounds: that CHS was not a proper party to this action; and that the DOC was an indispensable party. CHS's first argument is premised on an agreement between CHS and the DOC (hereinafter the Agreement), which provides that the latter "is the sole entity responsible for the custody and security of inmates, which includes their physical security, housing, transportation, education and nutritional needs, among others." Docket # 27, p. 10; Exh. 1, Section 4.1. The Agreement also provides that the DOC "will have the obligation and duty to transport inmates in a safe, appropriate and timely manner to and from all medical appointments, visits, examinations and other health related events, including intra and extra-institutional appointments and treatments and treatments in health care facilities outside a correctional facility." Id., Section 4.1.1.

We will only address CHS's argument regarding the indispensability of the DOC in this case because this ground compels the dismissal of the case as later explained.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(7)*

A party alleging that dismissal is proper because an indispensable party is absent from the case needs to meet the requirements of Fed. R. Civ. P. 12(b)(7). Said section provides that a party may move to dismiss the case for "failure to join a party under Rule 19." Therefore,

**Civil Case No. 07-1228(SEC)**                                                                                              3

"[d]simissal under Rule 12(b)(7) is governed by Rule 19...." Raytheon company v. continental Casualty Company, 123 F. Supp. 2d 22, 32 (D. Mass. 2000)(hereinafter Raytheon). Under a motion pursuant to Rule 12(b)(7) "the moving party carries the burden of showing why an absent party should be joined." Id. To meet this burden, "the moving party may present, and the court may consider, evidence outside of the pleadings." Id.

Furthermore, when the District Court allows a litigant to proceed *in forma pauperis*, as the Court did in this case (see, Docket # 8), the court may dismiss the complaint if it finds that, as a matter of law, it cannot prosper:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> ....
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against **a defendant who is immune from such relief.**

28 U.S.C. §1915 (e)(2)(B)(emphasis added). See also, Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990) (pursuant to 28 U.S.C. §1915, district court may dismiss *sua sponte* a complaint that is frivolous).

In light of the above, because Plaintiff is proceeding in *forma pauperis*, the Court is entitled to, and has reviewed CHS's motion to dismiss, its exhibit, as well as the doctrine set forth under Fed. R. Civ. P. 19 despite of CHS's lack of profound argument in this regard.

**Applicable Law and Analysis**

Rule 19 "addresses circumstances in which a lawsuit is proceeding without particular parties whose interests are central to the suit." Picciotto v. Continental Casualty company, 512 F. 3d 9, 15 (1st Cir. 2008). Therefore, it "provides for the joinder of such necessary parties when feasible... [and for] the dismissal of suits when the court determines that the joinder of the necessary parties is not feasible, but that they are, nonetheless, so indispensable that the suit must not be litigated without them." Id. In determining the necessity and indispensability of the absent party, the Court

**Civil Case No. 07-1228(SEC)**                                                                                                       4

> should keep in mind the policies that underlie Rule 19, including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding possible prejudicial effect of deciding the case without them.

Id., at pp. 15-16. The determination is a practical one. Id., at 16.

In light of the above, the Court needs to determine: (1) if the absent party is necessary, that is, whether the party meets the definition of those who should be joined when feasible; and, (2) if the party cannot be joined, the Court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed." Id., at pp. 16 & 18. To determine whether a party is necessary, under Rule 19(a)(1), the Court must ask "[if] complete relief can be afforded among the parties to the suit without joining the absent party." Id., at p. 16, n. 10.

Fed. R. Civ. P. 19(b) provides a series of factors to guide the Court's judgment as to the indispensability of a party. These include:

> "(1) to what extent a judgment rendered in the person's absence might [prejudice] the person or those already parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

B. Fernández v. Kellog USA, 2008 WL 384251, – F. 3d – (1st Cir. 2008).

A review of the agreement included in CHS's motion to dismiss, when examined in light of the factors mentioned above, reveals that the DOC is an indispensable or necessary party in this case as it is the one responsible to provide transportation to the Plaintiff to and from medical appointments. As stated above, one of Plaintiff's central complaint is that he constantly missed medical appointments to receive therapies prescribed by his doctor, reason why he has suffered irreparable injury. In order to make Plaintiff whole, the Court would likely have to award damages as well as provide injunctive relief. Therefore, Plaintiff will not be able to receive complete relief in this case without joining the DOC, the entity whose responsibility it was to transport him "in a safe, appropriate and **timely manner to and from all medical appointments, visits, examinations and other health related events**, including

**Civil Case No. 07-1228(SEC)** 5

intra and extra-institutional appointments and treatments and treatments in health care facilities outside a correctional facility...." Docket # 27, Exh. 1, Section 4.1.1.

Therefore, continuing this case without the DOC would cause prejudice to the DOC, because, if Plaintiff prevails, the Court will need to order the DOC to timely take the Plaintiff to his appointments, provide him with the prescribed artifacts and to make him whole for the damages suffered as a result of the DOC's negligence. Without doing so, the relief afforded to the Plaintiff would most likely be inadequate. Furthermore, we do not foresee a way in which we can shape relief so that the DOC is not prejudiced by the judgment. Finally, dismissing this claim would not prejudice the Plaintiff, as the dismissal is one without prejudice. Therefore, Plaintiff could re-file the complaint, if he so wishes. Therefore, all of the factors described above, as set forth in Kellog USA, points to the DOC being an indispensable party in this case.

Having concluded that the DOC is a necessary party to this action, we must now determine whether it is feasible to join the DOC. It is not. As stated above, relief to the Plaintiff will not be complete without an award for monetary damages, as he claims that he has suffered irreparable injury as a result of Defendants' actions. However, this District has concluded that the DOC is an arm of the Commonwealth of Puerto Rico, entitled to Sovereign Immunity, and therefore, not amenable to suits for damages in federal courts. See, Jusino-Mercado v. Commonwealth of Puerto Rico, 214 F.3d 34, 37 (1st Cir. 2000)(for the proposition that Puerto Rico enjoins sovereign immunity despite its lack of statehood); see also, Padilla Cintrón v. Roselló-González, 247 F. Supp. 2d 48 (2003);Sánchez Laureano v. Puerto Rico, 2008 WL 542962.(unpublished)(for the proposition that the DOC shares the Commonwealth's cloak of immunity). Because the DOC cannot be joined as a party to this case, as it is immune to damages in this forum, we must dismiss this case. See, Picciotto, 512 F. 3d at 15 (Rule 19 "provides for the joinder of such necessary parties when feasible... [and for] the dismissal of suits when the court determines that the joinder of the necessary parties is not feasible, but that they are, nonetheless, so indispensable that the suit must not be

**Civil Case No. 07-1228(SEC)** 6

litigated without them.").

In making this determination, the Court takes into consideration that continuing this case without the DOC would not further either of the interests embedded in Rule 19, namely, the "public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding possible prejudicial effect of deciding the case without them." Id. at pp. 15-16. To the contrary, continuing this litigation without the DOC would further multiple litigation, will prevent Plaintiff from receiving complete relief at once, and would prejudice the DOC, as the Court will make determinations that would clearly affect its interests without it being present to defend itself.

In light of the above, we conclude that dismissal would balance all the interests of the parties involved. Plaintiff may re-file this action, if he so wishes, in the Puerto Rico Court of First Instance. Therefore, CHS's motion to dismiss the complaint (Docket # 27) is hereby **GRANTED**. This case is hereby DISMISSED without prejudice.

**SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of March, 2008.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
S/U.S. *Salvador E. Casellas*